# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2195

_____

| | | |
|---|---|---|
| Lonnie D. Snelling, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Publishers Clearing House, Inc.; | * | Appeal from the United States |
| Publishers Clearing House; Campus | * | District Court for the |
| Subscriptions, Inc.; PHC Executives, | * | Eastern District of Missouri. |
| Inc.; Deborah J. Holland, Employee; | * | |
| Robin B. Smith, Employee; Andrew C. | * | [UNPUBLISHED] |
| Goldberg, Employee; Margarete | * | |
| Thuemmler, Employee; Dorothy | * | |
| Addeo, Employee; William Delano, | * | |
| Employee; Peter E. Derow, Employee; | * | |
| Patrick R. Edwards, Employee; Ira | * | |
| D. Hall, Employee; William B. | * | |
| O'Connor, Employee; John Princiotta, | * | |
| Employee, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  January 28, 2004

Filed:  March 11, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lonnie D. Snelling appeals the dismissal of his civil complaint asserting violations of Missouri law and the Racketeer Influenced and Corrupt Organizations Act (RICO). After careful review of the record we conclude the district court properly dismissed Snelling's claims against Publishers Clearing House, Inc. for lack of personal jurisdiction. Cf. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984). The district court also properly dismissed Snelling's claim for negligent infliction of emotional distress. See Gibson v. Brewer, 952 S.W.2d 239, 248-49 (Mo. 1997) (en banc) (to prevail on claim of negligent infliction of emotional distress, plaintiff must show that defendant should have realized its conduct involved unreasonable risk of causing distress, and emotional distress or mental injury must be medically diagnosable and sufficiently severe to be medically significant).

The district court erred, however, in dismissing Snelling's fraud and RICO claims. In doing so, the court relied on exhibits defendants submitted in support of their motion to dismiss, but Snelling had disputed the authenticity of these exhibits. In these circumstances, the district court should have converted the motion to one for summary judgment and allowed Snelling to respond, or it should have ruled on the motion to dismiss without considering defendants' exhibits. We cannot say this error was harmless. Cf. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005-06 (8th Cir. 2000) (failure to afford any notice, actual or constructive, that motion to dismiss would be treated as one for summary judgment required reversal where nonmovants asserted on appeal that they could have produced countervailing affidavits, and it could not be said that outcome would necessarily be in movants' favor).

Accordingly, we affirm in part and remand for further proceedings on the fraud and RICO claims.

_____